## KAPSAMALIS v. LECHNER & SKEEN.

(Third Division. Valdez. March 23, 1914.)

No. S-34.

1. EVIDENCE ⊚⇒461(1)—CONTRACTS—VARYING BY PAROL.

The court will not permit the written contract in this case to be varied by parol. This can only be permitted in cases where the court is unable to ascertain from the language used in the writing what the real intent or agreement of the parties was.

2. CONTRACTS ⊚⇒170(1)—CONSTRUCTION BY THE PARTIES.

The court will not give the contract or agreement of the parties another or different construction than what the parties themselves have placed on it.

3. CORPORATIONS ⊚⇒480½ — TRUSTS ⊚⇒63¾ — ASSIGNMENT PRO TANTO.

The defendants, who held a mortgage against corporation property wherein plaintiff was a stockholder, agreed with plaintiff not to bring foreclosure upon certain payments being made on the mortgage by the plaintiff. He made three such payments, and defendants then brought suit to foreclose. *Held*, plaintiff became pro tanto an owner in the mortgage by the payments made thereon, and defendants hold such interest for him as trustees.

This is an action brought to enforce an interest in a mortgage on mining property and declare a resultant trust, and involves the construction of a written contract between plaintiff and defendants.

On January 11, 1908, the defendants, Lechner & Skeen, being the owners of the Betty and seven other lode mining claims in the Kenai recording precinct, territory of Alaska, deeded said claims to Southack & Clark. Southack & Clark gave a mortgage on said mining claims back to defendants, Lechner & Skeen, for $14,500. Southack & Clark then formed the California-Alaska Mining Company under the laws of the territory of Arizona, capitalized at 1,000,000 shares, and deeded the said mining claims to said corporation, subject to the mortgage given the defendants, Lechner & Skeen. In addition to receiving back the said mortgage, the defendants Lechner & Skeen received 177,000 shares of the said capital stock of the California-Alaska Mining Company. The plaintiff invested some money in the said California-Alaska Mining Company and became the owner of 275,000 shares of its stock.

On the 18th of December, 1909, the plaintiff and defendants entered into the following agreement, in writing:

"This agreement made and entered into this 18th day of December, 1909, by and between John Lechner and F. P. Skeen, of the city of Seattle, state of Washington, and John Kapsimalis, of the city and county of San Francisco, state of California, witnesseth that

"Whereas, the parties hereto are all interested as stockholders in the California-Alaska Mining Company, a corporation, organized under the laws of Arizona; and

"Whereas, the California-Alaska Mining Company, said corporation, owns numerous mining claims in the vicinity of Seward, the territory of Alaska, included among which are the Betty, Betty Extension, Columbia, Falls, Falls No. 1, Bear, Bear No. 1, and the Mary claims; and

"Whereas, said John Lechner and F. P. Skeen are the owners of a mortgage made and executed by said California-Alaska Mining Company upon the said mining claims above named, to wit, the Betty, Betty Extension, Columbia, Falls, Falls No. 1, Bear, Bear No. 1, and the Mary, to secure the payment of the sum of $13,000, together with interest thereon at the legal rate per annum, which said mortgage is now overdue and suit to foreclose which has been filed in the district court of said territory of Alaska, mortgage dated January 11, 1908; and

"Whereas, said John Kapsimalis is desirous of raising funds to liquidate the indebtedness of said corporation, consisting of various sums and amounts outstanding for the development of said property, being laborers' liens, materialmen's accounts, and provisions bills, including also said named mortgage, and has expended money and time, and is about to expend more money and time in and about said business:

"Now, therefore, the said John Lechner and F. P. Skeen do promise and agree that they will not, without the consent of said John Kapsimalis, sell or dispose of said mortgage or the indebtedness represented thereby, nor proceed further with said foreclosure proceedings, without the consent of said John Kapsimalis.

"This agreement is conditioned as follows: The said John Kapsimalis is to pay to said John Lechner and F. P. Skeen, upon the execution of these presents, the sum of $1,000, and $1,000 on or before June 1, 1910, $1,000 on or before December 1, 1910, $2000 on or before December 1, 1911, and the balance of $8,000 on or before December 1, 1912, without interest; and it is further understood and agreed that as said payments shall be made by said John Kapsimalis he shall become part owner in said mortgage in proportion to the amount paid.

"It is further understood and agreed that the present suit to foreclose said mortgage shall be continued or discontinued at the option of said John Kapsimalis, and, in case of a sale of said premises under foreclosure of said mortgage, the first money received therefrom shall go to said John Kapsimalis, to reimburse him for such payments as he shall have made at said date.

"It is further understood and agreed that the parties hereto shall and will vote their stock in the California-Alaska Mining Company as a unit to obtain and maintain control of said corporation, and shall act together for the promotion and advancement of the interests of said corporation.

"This agreement is substituted in place and stead of that certain agreement made between the same parties with reference to the said mortgage and bearing date the 10th day of November, 1909, and upon the execution hereof the said former agreement shall cease.

"In witness whereof the said parties have hereunto set their hands and seals the day and year first above written.

"John Kapsimalis.  [Seal.]

"F. P. Skeen.  [Seal.]

"John Lechner.  [Seal.]

"By F. P. Skeen, His Attorney in Fact."

At this time, to wit, December 18, 1909, the defendants Lechner & Skeen had begun an action to foreclose said mortgage, but at the request of plaintiff the foreclosure action was dismissed. The mortgagors paid to the mortgagees, Lechner & Skeen, $1,000 on said mortgage, and no more.

The plaintiff, pursuant to said agreement entered into December 18, 1909, paid to defendants $3,000, to wit, $1,000 December 18, 1909, $1,000 May 31, 1910, and $1,000 November 28, 1910, taking from said defendants receipts in writing in words and figures as follows:

"$1,000.00.  San Francisco, Cal., Dec. 18, 1909.

"Received from John Kapsimalis the sum of $1,000.00, being the first payment on account of agreement executed this day between John Lechner and F. P. Skeen and said John Kapsimalis and we certify that thereby said Kapsimalis is the owner of one-thirteenth of the mortgage described in said agreement.

"F. P. Skeen.

"John Lechner,

"By F. P. Skeen, His Attorney in Fact."

"$1,000.00.  Seattle, Wash., May 31, 1910.

"Received from John Kapsimalis the sum of $1,000.00, being the second payment on account of agreement executed between John Lechner and F. P. Skeen and said John Kapsimalis, and we hereby certify that thereby said John Kapsimalis is now the owner of two-thirteenths of the mortgage described in said agreement executed in San Francisco, California, December 18, 1909.

"F. P. Skeen.

"John Lechner."

"$1,000.00.  Seattle, Wash., November 28, 1910.

"Received from John Kapsimalis the sum of one thousand dollars being the third payment on account of agreement executed between

John Lechner and F. P. Skeen and said John Kapsimalis, and we hereby certify that thereby said John Kapsimalis is now the owner of three-thirteenths of the mortgage described in said agreement and executed in San Francisco, California, December 18, 1909.

"F. P. Skeen.<br>
"John Lechner."

The defendants began a second foreclosure of said mortgage without the knowledge or consent of the plaintiff and on the 6th day of June, 1913, an order was made by this court, in a proceeding brought by plaintiff to enjoin the foreclosure sale, permitting the sale to proceed, but directing, if the property sold for cash, same should be deposited in the registry of this court; that if the defendants, Lechner & Skeen, should buy in the said property at said sale, then they should hold the said property as trustee of plaintiff for whatever amount may be adjudged to be due him on the termination of this suit, and the defendants were further enjoined and restrained from transferring or assigning their rights therein until the final determination of this suit.

On June 16, 1913, the United States marshal of the territory of Alaska for the Third judicial division sold the said mining property under said decree of foreclosure, and the defendants, Skeen and Lechner, bought in the same for the sum of $14,111.66, and said defendants are now the holders of the legal title to said mining property, subject to the terms and conditions of said order of court of June 6, 1913.

Ostrander & Donohoe, of Valdez, and L. V. Ray, of Seward, for plaintiff.

S. O. Morford, of Seward, for defendants.

BROWN, District Judge. Both plaintiff and defendants by their testimony seek to vary the terms of this written agreement of December 18, 1909, by parol, the plaintiff claiming that he was to receive back his $3,000 from defendants upon demand, with interest, and in his supplemental complaint he asks that he be declared to be the owner of the legal title to said mining property, unless the defendants pay him the said sum of $3,000, with interest, within 60 days from the date of said judgment.

The defendants seek to vary the terms of said written agreement by parol, by their testimony to the effect that plaintiff was not to receive back any money advanced by him under said

agreement of December 18, 1909, unless he should first have paid all the debts, liens, and claims against the said California-Alaska Mining Company and the said mining property.

It seems clear to me that neither plaintiff nor defendants should at this time be permitted to vary the terms of said written agreement by parol. This can only be permitted in cases where the court is unable to ascertain from the language used in the writing what the real intent or agreement of the parties was. In this case the plaintiff and defendants have both given a construction to this written agreement which clearly shows their intent by the three receipts given by defendants and accepted by plaintiff, and following the well-established rule of the construction of contracts, the court will not seek to give the agreement of the parties another or different construction than what the parties themselves have placed upon it. From these three receipts for the three payments of $1,000 each, made by plaintiff to defendants under said agreement, it clearly appears that as each $1,000 payment was made the plaintiff became the owner pro tanto of an interest in the mortgage. Deducting the $1,000, paid by the mortgagors upon this mortgage, it left about $13,000 of a mortgage indebtedness, and the defendants evidently chose this 13 as the basis of the valuation to be placed upon said mortgage, and upon the payment of each $1,000 by plaintiff the defendants admitted in writing that the plaintiff became thereby the owner of a one-thirteenth interest in the said mortgage, amounting in all to three-thirteenths interest.

I am therefore of the opinion that it is eminently fair and equitable, in construing this agreement and the effect given it by the parties themselves, that the plaintiff be decreed to be the owner of three-thirteenths interest in the said mortgage, and as a resultant trust, an undivided three-thirteenths interest in and to the mortgaged property purchased or bought by the defendants at said foreclosure sale held on June 16, 1913, and that the defendants Skeen and Lechner hold the same in trust for plaintiff, and they be required within a reasonable time to convey said undivided interest to plaintiff by good and sufficient deed of conveyance, or in default thereof some person designated by this court execute such deed of conveyance. As to the interest on said $3,000, no interest will be allowed, as the mortgage itself drew interest, and the plaintiff is entitled

to his proportionate share in whatever interest accrued on the mortgage.

As to the assessment work it is altogether probable that neither plaintiff nor defendants did so much assessment work as they claim to have done, still no question has been raised by any other party as to the requisite amount not having been done to hold the ground.

In view of the fact that the plaintiff was a large stockholder in the company holding the legal title to this property, it may reasonably be assumed that not only in advancing this $3,000 was he seeking to protect his own interest, but also in doing whatever assessment work he may have done. No allowance will therefore be made either party for or on account of assessment work.

As to the claim of the defendants that the plaintiff dissipated and sold machinery from off these mining claims of the value of $5,000, there is no satisfactory proof as to who put this machinery on, what its character was, as to being permanent or temporary, real or personal property, nor who took it off, or who got it. It is unfortunately like too many wrecked mining ventures, a case where the remnants of the property seem to be looked upon as common loot, and no satisfactory accounting made for the improvements and property that somebody's money paid for. The only pity in this case is that the laborers and others who seem to have just claims against this California-Alaska Mining Company could not have come in ahead of this mortgage, if there is any possibility of getting anything out of the property.

Findings and decree may be entered accordingly.